# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

CASEY WILLIAMS, )
)
         Plaintiff, )
)
vs. ) Case No. CIV-11-60-M
)
THOMAS KUTAY, In his individual )
capacity, DAVID TUCKER, In his )
individual capacity, BOARD OF COUNTY )
COMMISSIONERS, LOGAN COUNTY, )
)
         Defendants. )

## ORDER

Before the Court is defendants Thomas Kutay ("Kutay") and David Tucker's ("Tucker") Motion to Dismiss State Law Tort Claims, filed April 22, 2011. On May 6, 2011, plaintiff filed his response, and on May 13, 2011, defendants Kutay and Tucker filed their reply.

Pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, defendants Kutay and Tucker, in their individual capacities, move this Court to dismiss all state law tort claims asserted against them. Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (internal quotations and citations omitted). Additionally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Defendants Kutay and Tucker assert that plaintiff's state law tort claims against them are barred by the Oklahoma Governmental Tort Claims Act ("OGTCA"). The OGTCA provides:

> In no instance shall an employee of the state or political subdivision <u>acting within the scope of his employment</u> be named as defendant with the exception that suits based on the conduct of resident physicians and interns shall be made against the individual consistent with the provisions of Title 12 of the Oklahoma Statutes.

Okla. Stat. tit. 51, § 163(C) (emphasis added). In his response, plaintiff appears to concede that his state law tort claims against defendants Kutay and Tucker would be barred under the OGTCA if they were acting within the scope of their employment. Plaintiff, however, asserts that because defendant Board of County Commissioners did not admit in its Answer that defendants Kutay and Tucker were acting in the course and scope of their employment, this matter is a fact issue that can not be determined at this stage of the litigation.

Having carefully reviewed plaintiff's Complaint, however, the Court finds that plaintiff has made absolutely no allegations that defendants Kutay and Tucker were not acting within the course and scope of their employment. To the contrary, in the Complaint, plaintiff specifically alleges that defendants Kutay and Tucker "at all times relevant" were "acting within the course and scope of [their] employment." Complaint at ¶¶ 2-3. Based upon these allegations, the Court finds that plaintiff's state law tort claims against defendants Kutay and Tucker are barred by the OGTCA and should be dismissed.

2

In his response, plaintiff alternatively requests the Court grant him leave to amend his Complaint to cure the alleged defects. Upon review of plaintiff's response, the Court finds that plaintiff should be granted leave to amend his complaint to properly allege his state law tort claims against defendants Kutay and Tucker.

Accordingly, the Court GRANTS defendants Kutay and Tucker's Motion to Dismiss State Law Tort Claims [docket no. 10] and DISMISSES plaintiff's state law tort claims against defendants Kutay and Tucker. Further, the Court GRANTS plaintiff leave to amend his Complaint to properly allege his state law tort claims against defendants Kutay and Tucker; said Amended Complaint shall be filed by June 1, 2011.

**IT IS SO ORDERED this 18th day of May, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE