## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CASEY WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-60-M |
| | ) | |
| THOMAS KUTAY, individually, | ) | |
| DAVID TUCKER, individually, | ) | |
| BOARD OF COUNTY | ) | |
| COMMISSIONERS, LOGAN COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This case is scheduled for trial on the Court's June 2012 trial docket.

Before the Court are defendants Thomas Kutay ("Kutay") and David Tucker's ("Tucker") Motion for Summary Judgment and defendant Board of County Commissioners' ("Board") Motion for Summary Judgment, both filed April 2, 2012.  On May 9, 2012, plaintiff filed his responses, and on May 16, 2012, defendants filed their replies.  Based upon the parties' submissions, the Court makes its determination.

I.     Introduction

Plaintiff's neighbor, Michael Cosetti ("Cosetti"), owns an easement within the boundaries of plaintiff's property.  A property dispute arose between plaintiff and Cosetti in the Spring of 2007.  Plaintiff began mowing and trimming trees on the easement.  Believing that plaintiff had no right to utilize the easement, Cosetti repeatedly ordered plaintiff to stop using Cosetti's road, and Cosetti began locking the gate that had been erected across the easement road.  The Logan County Sheriff's Office was called a number of times regarding the ongoing dispute over the easement road, and

various deputies, including Deputy Tucker, had gone out to plaintiff's property as a result of these calls.

In September 2008, plaintiff unbolted the gray gates that Cosetti had purchased and installed at the front of the road. Plaintiff put the gates in his storage shed and did not return the gates to Cosetti. Cosetti purchased and installed a new set of red gates across the easement road in November of 2009.

On January 19, 2010, plaintiff filed a quiet title suit and a request for an injunction in the District Court of Logan County. Therein, plaintiff asked the court to enjoin the Cosettis from blocking access to the easement road. On this same date, a Temporary Restraining Order Without Notice ("TRO") was issued by Judge Larry Brooks. The TRO ordered the Cosettis to "cease and desist from denying [plaintiff] full access to the easement road . . . ." TRO at ¶ 1. The TRO also prohibited the Cosettis from calling law enforcement to report plaintiff as trespassing upon the easement. *Id.* at ¶ 5. Additionally, the TRO prohibited the Cosettis "from taking any action that would prevent plaintiffs from dismantling the temporary barbed wire fence that has been placed to the West of the easement road in the above-described real property or, dismantling the gate that has been placed on the north end of the easement road." *Id.* at ¶ 4. The TRO further specified that it did not become effective until it was served upon the Cosettis. *Id.* at p.3. The Cosettis were served with a copy of the TRO and the underlying quiet title petition on January 25, 2010. Plaintiff's attorney faxed a copy of the TRO to a fax number in the Logan County Sheriff's Department on January 20, 2010.

On January 21, 2010, plaintiff unbolted the Cosettis' red gates and put them in his storage shed. Plaintiff also removed the nearby gate posts that had been anchored into the ground to which

2

the gates were affixed and carried them to his storage shed.  On January 22, 2010, Cosetti discovered that his gates had disappeared and reported to the Logan County Sheriff's Office that his gates had been stolen by plaintiff.

The Sheriff's Deputy who was initially dispatched to respond to Cosetti's call regarding the stolen property was Deputy Tucker.  Upon arriving at the easement road where the gates had been located, Deputy Tucker observed that Cosetti's red gates had been removed.  Deputy Tucker also observed "tractor marks" and "drag marks" between the easement road where the gates had been affixed and plaintiff's storage shed.  Deputy Tucker was further advised by Cosetti that another set of gates had been previously stolen from the easement.

Deputy Tucker reported his findings to Deputy Kutay, who, after interviewing Cosetti, determined that there was probable cause to obtain a search warrant.  Deputy Kutay then prepared an affidavit for a search warrant.  Plaintiff claims that in preparing the affidavit for the search warrant, Deputy Kutay withheld information regarding the ongoing property dispute from the judge.  Judge Brooks found probable cause to believe that the two red gates were located on plaintiff's property and issued a search warrant.

As authorized by the search warrant, on January 22, 2010, Deputy Kutay conducted a search of plaintiff's property and discovered two sets of gates inside the storage shed along with a tractor that appeared to have been used to drag the gates or posts to the shed and found one metal pole, one wooden pole, and one metal pole with barbed wire in front of plaintiff's shop building.  The gates and poles matched the description of the property Cosetti had reported stolen.  Believing there to be probable cause for an arrest based upon his discovery of the gates, Deputy Kutay arrested plaintiff for knowingly concealing stolen property.

On January 25, 2010, Logan County District Judge Louis Duel made a determination that there was probable cause to arrest plaintiff without a warrant for concealing stolen property. Plaintiff claims that Deputy Kutay withheld information from Judge Duel.  Plaintiff was then officially charged with knowingly concealing stolen property in violation of Okla. Stat. tit. 21, § 1713.  Approximately six months later, on June 16, 2010, plaintiff was granted an order permitting him to use the Cosettis' easement road in all ways not inconsistent with the Cosettis' rights of use and maintenance of the road and ordering the Cosettis to remove any gates blocking the roadway. On June 21, 2010, the criminal charge of concealing stolen property was dismissed against plaintiff.

On January 19, 2011, plaintiff brought the instant action against defendants alleging (1) that the search warrant was obtained without full disclosure of known facts which would have shown no probable cause; (2) a warrantless arrest without probable cause; (3) false arrest; and (4) common law assault and battery.  Defendants contend that there was probable cause for the search and arrest and, therefore, move for summary judgment.

II.      Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party."  *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.   Discussion

Defendants assert that Deputies Kutay and Tucker had probable cause for the search of plaintiff's storage shed and for plaintiff's arrest and, accordingly, move for summary judgment as to all of plaintiff's claims.

A.   The Search

Plaintiff contends that there was no probable cause for the issuance of the search warrant. Plaintiff asserts that Deputy Kutay purposely failed to include important evidence in his affidavit for a search warrant and that based upon this excluded evidence, there was no probable cause to issue the search warrant.   Specifically, plaintiff asserts that Deputy Kutay did not include in his affidavit that a property dispute existed between plaintiff and the Cosettis involving an easement road and did not include that plaintiff had sought the assistance of law enforcement to resolve the dispute over his property.

"In deciding whether probable cause exists to issue a warrant, the issuing judge must make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay

information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Rice*, 358 F.3d 1268, 1274 (10th Cir. 2004), *judgment vacated on other grounds*, 543 U.S. 1103 (2005) (internal quotations and citations omitted).

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that there was probable cause to issue the search warrant.  Specifically, the Court finds that the evidence presented by Deputy Kutay in his affidavit clearly established a fair probability that contraband or evidence of a crime would be found in the white metal building on plaintiff's property.

In his affidavit, Deputy Kutay states that Cosetti reported that he had two gates and two poles stolen from his property.  Deputy Kutay further states that there were track marks from where the gates had been located to a white metal building on plaintiff's property.  Additionally, Deputy Kutay states that plaintiff and the Cosettis have been involved in a "constant battle" over access to certain property and that law enforcement had been called on a number of occasions.

Further, the Court finds that the information plaintiff alleges Deputy Kutay purposely failed to include would not alter any finding of probable cause for the search warrant.  The judge who issued the search warrant was the same judge who had issued the TRO a few days earlier.  Clearly, Judge Brooks would have been aware of the property dispute over the easement road and the fact that a TRO had issued.  Further, regardless of Judge Brooks' knowledge of the dispute, the Court finds the fact that there was a property dispute over the ownership of the easement road, that the gates were allegedly on plaintiff's property, that a TRO had been issued, and that plaintiff had sought the assistance of law enforcement in the past regarding the property dispute does not reduce

6

the probability that contraband or evidence of a crime would be found in the white metal building on plaintiff's property.

Accordingly, the Court finds that plaintiff has not presented sufficient evidence to create a disputed issue as to whether there was probable cause for the issuance of the search warrant. The Court, therefore, finds the execution of the search warrant was clearly constitutional.

B.      The Arrest

The Fourth Amendment protects an individual against unreasonable seizure, including a warrantless arrest without probable cause to believe the person has committed a crime. *Cortez v. McCauley*, 478 F.3d 1108, 1115 (10th Cir. 2007). The Fourth Amendment, however, does not forbid a warrantless arrest with probable cause for even minor criminal offenses, such as misdemeanor offenses punishable only by a fine. *See Atwater v. City of Lago Vista*, 532 U.S. 318 (2001).

> Probable cause exists where the facts and circumstances within the arresting officer's knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution to have the belief that an offense has been or is being committed by the person to be arrested. This is an objective standard, and thus [t]he subjective belief of an individual officer as to whether there was probable cause for making an arrest is not dispositive. Whether a reasonable officer would believe that there was probable cause to arrest in a given situation is based on the totality of the circumstances.

*Koch v. City of Del City*, 660 F.3d 1228, 1239 (10th Cir. 2011) (internal quotations and citations omitted).

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that Deputy Kutay had probable cause to arrest plaintiff. Specifically, the Court finds the facts and

7

circumstances within Deputy Kutay's knowledge and of which he had reasonably trustworthy information at the time he arrested plaintiff were sufficient in themselves to warrant a person of reasonable caution to have the belief that plaintiff had committed the offense of concealing stolen property.  After obtaining the search warrant for plaintiff's storage shed, Deputy Kutay searched plaintiff's storage shed and found the red set of gates that Cosetti had reported stolen and the other set of gates that Cosetti had stated were previously stolen.  Outside the shed, Deputy Kutay found the poles that Cosetti had reported were stolen.  Upon finding these items, the Court finds that Deputy Kutay had probable cause to arrest plaintiff.

Additionally, the Court finds the fact that the TRO had been issued does not alter the finding of probable cause to arrest plaintiff.  The TRO granted plaintiff the authority to dismantle the red gates but did not give plaintiff the authority to keep said gates.  Further, the TRO does not speak to the set of gates that plaintiff had previously removed and, thus, clearly did not give plaintiff the authority to keep those gates.  Finally, the TRO was not effective until notice of its existence was received by the Cosettis, and the Cosettis were not served with the TRO until January 25, 2010, three days after the arrest of plaintiff.

Accordingly, the Court finds that plaintiff has not presented sufficient evidence to create a disputed issue as to whether there was probable cause for plaintiff's arrest.  The Court, therefore, finds the arrest of plaintiff was clearly constitutional.

IV.    Conclusion

Because the Court has found that there was probable cause for the search of plaintiff's storage shed and for the arrest of plaintiff, the Court finds that plaintiff can not, as a matter of law, maintain his claims: (1) that the search warrant was obtained without full disclosure of known facts

which would have shown no probable cause; (2) a warrantless arrest without probable cause; (3) false arrest; and (4) common law assault and battery.  The Court, therefore, GRANTS defendants Kutay and Tucker's Motion for Summary Judgment [docket no. 41] and defendant Board's Motion for Summary Judgment [docket no. 39].

**IT IS SO ORDERED this 23rd day of May, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE